STATE EX REL. GABEL RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 8442.)

(Submitted June 2, 1943. Decided July 9, 1943.)

[139 Pac. (2d) 536.]

See 14 **Am. Jur.** 461.

*Mr. Albert H. Angstman,* for Relator,

*Mr. Ralph J. Anderson,* for Respondents,

MR. JUSTICE ANDERSON delivered the opinion of the court.

The relator seeks a writ under the supervisory power of this court directed to the respondent district court and determinative of the character and amount of bond required to be furnished by relator to secure the stay of execution of a judgment in the lower court on appeal in an action wherein the relator was defendant. The action was for the foreclosure of a chattel mortgage brought by L. T. Herman against F. G. Ergenbright, Silver Crescent, Inc., and Joseph M. Gabel, the relator herein.

The mortgage was made by Ergenbright to Herman covering certain mining machinery including property described as one Hardinge Ball Mill No. 941. Gabel was joined as defendant in

the action, the complaint alleging that he made claim of title or interest in the ball mill but which was subsequent and inferior to the lien claim of the plaintiff under the mortgage. Gabel appeared by answer and cross-complaint, setting up adverse lien interest in the ball mill prior and superior to the lien claim of the plaintiff. The defendants Ergenbright and Silver Crescent, Inc., defaulted.

Judgment was for the plaintiff as against Ergenbright for the amount of the debt and for the sale of the mortgaged property, including the ball mill, in satisfaction of the debt, with provision for general execution on any deficiency resulting. Also, all the defendants were enjoined from asserting any claim against the mortgaged property adverse to the plaintiff. Also, there was judgment against Gabel for $62.37 costs. Without anything further done, the defendant Gabel, expressing an intention to appeal from the judgment in so far as it affects him, applied to the lower court for an order determining the character and amount of bond required to effect a stay of execution. In his petition to the lower court, relator said he was ready and willing to execute the regular undertaking on appeal in the sum of $300 as provided in section 9734, Revised Codes; that question had arisen whether that would effect a stay, plaintiff's counsel contending that a bond in double the amount of the personal judgment against Ergenbright must be furnished as provided in section 9735, Revised Codes. The court was asked to determine the character of the undertaking required to stay proceedings under that part of the judgment from which the petitioner Gabel was desirous of appealing in order that he might know what he must do under the law to preserve the subject matter which would be involved in his appeal. Notice was given to opposing counsel and, after full hearing of the petition with argument of counsel, the court made an order as follows: "That the defendant Jos. M. Gabel, if he desires to appeal from the judgment on an appeal in the above entitled action, be required to file a bond pursuant to the provisions of Section 9735 of the Revised Codes of Montana 1935, in a sum in double the amount of the

judgment in the above entitled action, for principal, interest and costs and attorney fees as conditioned in said section of the statute made and provided.''

In the petition to this court, the relator complains of the order made as ''unlawful and arbitrary and if adhered to will prevent relator from appealing from that part of the judgment affecting him and will work a gross injustice upon him.'' The prayer is for the annulment of the order and ''that this court, under its inherent power to preserve the subject matter of the appeal pending determination of the appeal, determine what statute controls as to the type of supersedeas bond to be furnished by relator on his intended appeal.''

The question arises as to the character of relief sought, first in the lower court and now in this court.

In his petition to the lower court relator said there was disagreement between him and plaintiff as to whether any supersedeas bond was required, and that he, the petitioner, took the view none was required, and, if any, it would be only such as provided in section 9736 for delivery of personal property, or under section 9742 relating to perishable property. The court was then asked to say what character of bond was required to effect a stay.

The petition presented a question of law, the answer to which would be purely advisory. And giving it the utmost possible effect as also an application for determination of the amount of bond required as under section 9736 or under section 9742, the order as made by the district court in no way hampers the relator in his plan of appeal. The judgment is not for the delivery of personal property so as to place it under section 9736, nor does it involve the sale of perishable property so as to come under the provision in section 9742. In that respect the views of the district court were apparently in accord with the views of the relator expressed in his petition, otherwise the court would have fixed the amount of the bond under one or the other of those sections.

Apparently what the relator sought from the district court was an order declaring the regular $300 appeal bond sufficient

to effect a stay. There is no provision in the code nor is there any rule established by practice for such an order. The only function the district court can perform in the securing of a stay of execution on appeal is to fix the amount of bond or arrange for the deposit of property or instruments of conveyance in the cases provided for in sections 9736, 9737, 9738 and 9742. It cannot adjudicate the question whether the $300 bond will suffice or a double indemnity bond must be put up under section 9735. It would only be in the case of controversy arising in another proceeding before the court involving the question of the status of the property after an appeal is taken that the question would arise for adjudication.

In our view of this matter as it now stands, the only question there can be is whether a bond under section 9735 is required. And as to that it is for the relator to determine what he will do. The direction by the district court that a bond under section 9735 is required is purely advisory and for which there is no authority. It is in no way controlling upon the relator. There is no need of any order from this court to free him therefrom. Nor can we advise the relator what he should do.

The relief prayed for is denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE MORRIS concur.

MR. JUSTICE ADAIR, deeming himself disqualified, takes no part in the foregoing decision.

MR. JUSTICE ERICKSON, not having heard the oral argument, takes no part in the decision.